UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 94-11045
Summary Calendar
_____


LOUIS BEHELER,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:92 CV 2113 P)
_____
August 16, 1995

Before JONES, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Louis Beheler appeals the dismissal of his premises
liability complaint against the Resolution Trust Company (RTC).
The district court dismissed the complaint for lack of subject
matter jurisdiction because Beheler failed to comply with the
administrative claim requirements of 28 U.S.C. § 2675.  Finding no
error, we affirm.

---

        [*]     Local Rule 47.5 provides:  "The publication of opinions that have no
precedential value and merely decide particular cases on the basis of well-settled
principles of law imposes needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the Court has determined that this opinion
should not be published.

## BACKGROUND

While in pursuit of a fleeing suspect, Beheler, a police officer, allegedly injured his back when he tripped and fell on a "dangerous condition" located on the RTC's property.[1] Beheler filed an administrative claim with the RTC contending that his investigation showed that the RTC owned the property located at "200 North Hwy. 175 in Seagoville, Texas," and that such property was maintained in a dangerous condition causing Beheler's injury. The administrative claim sought damages of two million dollars.

Several months later, an RTC representative denied the claim in writing, "Based on the documentation presented, I find no basis to support this claim. Accordingly, your . . . claim is hereby denied."

After receiving the letter of denial, Beheler filed a lawsuit against the RTC seeking to recover under the Federal Tort Claims Act (FTCA). However, the lawsuit identified the property where Beheler was injured by a different address than that identified in the administrative claim. Rather than "200 North Hwy. 175 in Seagoville, Texas," the complaint listed the address as 1920 North Hwy. 175 in Seagoville, Texas." Noticing the discrepancy, the RTC moved to dismiss the complaint for failure to comply with the administrative claim requirement. The RTC also sought dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted.

---

[1] The RTC came into possession of the subject property pursuant to its role as receiver for a failed savings and loan.

The district court granted RTC's motion to dismiss without prejudice on the failure to comply with the administrative claim requirement, but did not rule on the 12(b)(6) aspect of the motion. Beheler appealed the administrative claim ruling; the RTC cross-appealed on the failure to rule on Rule 12(b)(6).

**DISCUSSION**

As a prerequisite to bringing suit under the FTCA, 28 U.S.C. § 2675 requires that an administrative claim be first presented to the federal agency involved. Absent such a claim, the district court lacks jurisdiction over the suit. Frantz v. U.S., 29 F.3d 222, 224 (5th Cir. 1994).

Section 2675 imposes two requirements on the claimant. First, the claimant must give the agency written notice of the claim sufficient to enable the agency to investigate. Second, the claimant must place a value on his or her claim. Adams v. U.S., 615 F.2d 284, 289, *clarified*, 622 F.2d 197 (5th Cir. 1980). Beheler expressly valued his claim at two million dollars. Therefore, the narrow issue is whether the incorrect address provided by Beheler was sufficient to enable the agency to investigate the claim. We agree with the district court that it was not.

To be sufficient, an administrative claim must provide "enough details to enable the agency to begin its own investigation . . . ." Id. at 292. The location of the tort giving rise to the injury is a crucial element of the administrative claim. See Frantz, 29 F.3d at 224; Cook v. U.S., 978 F.2d 164, 166 (5th Cir.

3

1992).  Beheler's claim to the RTC specifically identified the alleged location of his injury as "that certain property located at 200 North Hwy. 175," and further averred that his "investigation shows that the Resolution Trust Corporation was the owner of such property at such time and had been for some period of time."  After investigating "that certain property located at 200 North Hwy. 175," the RTC determined that it did not own the property and thus denied the claim.  It is undisputed that Beheler was not injured at the location identified in the claim.

The avowed purpose of section 2675 is "'to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States.'"  Adams, 615 F.2d at 288 (quoting S.Rep.No.1327, 89th Cong., 2nd Sess. 6, *reprinted in* U.S.C.C.A.N. at 1215-16).  To allow Beheler to alter the address submitted to the RTC, then file a lawsuit based on the new address, would frustrate this purpose because the RTC would not have had the opportunity to evaluate the claim prior to litigation.  Because "[s]uits against the government under the FTCA must be filed in strict compliance with its provisions," Reynolds v. U.S., 748 F.2d 291, 292 (5th Cir. 1984), the district court correctly dismissed because it did not have subject matter jurisdiction over the case.

Since Beheler's failure to file an administrative claim divested the court of jurisdiction over this case, it is unnecessary to determine the sufficiency of the complaint under

4

Texas law or whether RTC is an agency under the Federal Tort Claims Act.

**AFFIRMED.**